MOSES BATES & others *vs.* OVERSEERS OF THE POOR OF THE
TOWN OF PLYMOUTH.

A committee appointed by a town to audit the accounts of the overseers of the poor, and
to demand and receive from them the books of account belonging to the town, held by
the overseers in their official capacity, have no such property in the books as will au-
thorize them to apply in their own names for a mandamus to compel the surrender of
the books.

PETITION for a mandamus.   The petitioners alleged that by
votes of the town of Plymouth in April 1859 they were chosen
a committee " to settle with the overseers of the poor for the
past year ; and to report to the town at some future meeting the
private accounts of the overseers, and all other matters which
belong to the accounts between the overseers of the town ;" that
in May 1859 it was voted, " that the books and papers of the
town, kept by the overseers of the poor, be placed at the disposal
of the special committee chosen by the town at the annual meet-
ing," and " that the books and papers belonging to the town
and used by the overseers of the poor, be kept in the safe at the
town house ; " that in September 1859 it was voted, that said
committee should " audit all the accounts of the overseers, and
be authorized to receive and examine all the books and papers
belonging to the town in their possession, and take all necessary
measures to carry this vote into effect, and that they report to
the town at some future meeting."

The petition then alleged that the respondents, as the present
board of overseers of the poor of Plymouth, had in their pos-

session and control all the books and papers of the town, kept by the overseers of the poor, and had neglected and refused, although frequently requested by the petitioners, to deliver them to the petitioners, and to deposit them in the town safe, in accordance with the votes of the town. The prayer was that the respondents might be ordered to deliver the books and papers " into the hands of the petitioners, for inspection and examination, for the purpose of carrying out the wishes of the town, as appears by their votes," and to deposit them in the town safe ; and for further relief.

The respondents demurred generally to the petition. The demurrer was heard by *Hoar,* J. in Suffolk, and by him adjourned before the full court.

*E. L. Sherman,* for the petitioners.

*C. G. Davis,* for the respondents.

HOAR, J. The court are of the opinion that the demurrer of the respondents to this petition for a mandamus must be sustained, and the petition dismissed. The petitioners show no interest or title in themselves to the books of the overseers of the poor of the town of Plymouth, such as would make them proper parties to this application. They are a committee chosen by the town for the purpose of auditing the accounts of the overseers of the poor of the preceding year, and authorized by a vote of the town to demand and receive from the respondents, who are the overseers of the poor for the present year, the books of account belonging to the town, which are held by such overseers in their official capacity. But the books are not the books of the petitioners; the vote of the town has not made them so ; and the petitioners are not public officers, entitled by virtue of their office to the custody of the books, or charged with any public official duty respecting them. If the books are wrongfully withheld from their possession, the wrong is to the principal, and not to the agent, and the principal must seek such appropriate redress as his case requires.

In *Perkins* v. *Weston,* 3 Cush. 549, it was held, that a school committee had no such property in the school registers required by law to be kept, as would enable them to maintain trespass

for the taking of the same out of their possession. In *St. Luke's Church* v. *Slack*, 7 Cush. 226, a treasurer of a religious society, whose term of office had expired, refused to deliver to his successor in the office the records and papers of the society; and it was decided that the society were entitled to a writ of mandamus to compel him to do so. But in no form of process can a mere servant or agent be permitted to enforce, in his own name, the rights of his principal or master.

*Petition dismissed.*